UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 12-21-JST (JPRx) | Date:  December 19, 2012 |
| Title:  Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp., et al. | |

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                 Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' MOTION TO STAY THE CASE (Doc. 100)**

### I.   Introduction

Before the Court is a Motion to Stay ("Motion") the case pending outcome of *inter partes* review of Plaintiff Semiconductor Energy Laboratory Co., Ltd.'s ("SEL's") patents-in-suit by the United States Patent and Trademark Office ("USPTO").  (Mot., Doc. 100.)  The Motion was filed by Defendants Chimei Innolux Corp. ("CMI"), ChiMei Optoelectronics USA, Inc. ("CMO"), Acer America Corp. ("Acer"), Viewsonic Corp. ("ViewSonic"), and VIZIO, Inc. ("VIZIO") (collectively, "Moving Defendants").  Plaintiff opposed, and Moving Defendants have replied.  (Opp'n, Doc. 105; Reply, Doc. 110.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for December 21, 2012, at 2:30 p.m. is VACATED.  For the reasons discussed below, the Court GRANTS Moving Defendants' Motion to Stay the Case.

### II. Background

SEL filed this action on January 5, 2012 against Defendants CMI, CMO, Acer, ViewSonic, VIZIO, and Westinghouse Digital LLC ("Westinghouse"), asserting claims for infringement of six patents: (1) United States Patent No. 6,404,480 ("the '480 patent"); (2) United States Patent No. 7,697,102 ("the '102 patent"); (3) United States Patent No. 7,876,413 ("the '413 patent"); (4) United States Patent No. 7,923,311 ("the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-21-JST (JPRx)                          Date: December 19, 2012
Title: Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp., et al.

'311 patent"); (5) United States Patent No. 7,956,978 ("the '978 patent"); and (6) United States Patent No. 8,068,204 ("the '204 patent") (collectively, "patents-in-suit"). (Compl., Doc. 1.) The parties stipulated to, and the Court granted, an extension of time to file an answer. (Doc. 26; Doc. 28.) Defendants timely filed a Motion to Dismiss on April 30, 2012, (Doc. 39), which the Court granted in part and denied in part on June 11, 2012. (Doc. 54.) Moving Defendants filed their Amended Answers and Counterclaims to Complaint on July 24, 2012, (Countercls., Docs. 73-77), and Plaintiff answered the counterclaims on August 10, 2012. (Doc. 80-84.) Defendants Acer, ViewSonic, and VIZIO filed a Motion to Sever and Stay on September 25, 2012, (Doc. 92), the hearing for which has been continued to January 25, 2013. (Doc. 106.) On October 19, 2012, Moving Defendants filed their first petition for *inter partes* review ("IPR") with the USPTO. (Mot. at 2.) Additional petitions were filed between November 7, 2012, and November 30, 2012. (*See* Cordrey Decl. ¶¶ 4-8, Doc. 104.)

**III.**      **Legal Standard**

"Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art," 35 U.S.C. § 302, and "[a] petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). A district court has the discretion to stay judicial proceedings pending reexamination of a patent. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts consider three factors in determining whether to grant a stay pending reexamination[1]: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006). There is a

___

[1] Effective September 16, 2012, the Leahy-Smith America Invents Act amended the *inter partes* reexamination process and renamed it the *inter partes* review process. Pub. L. No. 112-29, § 314(a), 125 Stat. 284 (2011). The Court sees no reason why the three factor assessment would not still be relevant.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 12-21-JST (JPRx) | Date:  December 19, 2012 |
| Title: Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp., et al. | |

"liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

### IV.  Discussion
####  a.  Stage of Litigation

SEL argues that the litigation had advanced substantially because "[a] trial date has been set, and while discovery is not complete, both sides have expended considerable resources in moving toward that point." (Opp'n at 4.)  However, the fact-discovery cut-off is not until July 19, 2013, and the trial is not scheduled until May 6, 2014.  (*See* Doc. 56.)  Additionally, the Moving Defendants contend that they have not served any document requests or written discovery and that no parties have taken depositions or undertaken expert discovery.  (Reply at 10.)  Finally, the parties have not briefed the Court on claim construction, nor has the Court issued a claim construction order.  (*Id.*)  Accordingly, while this case is not in its infancy, the Court concludes that this factor weighs in favor of a stay, because "considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court."  *See Tierravision, Inc. v. Google, Inc*, No. 11cv2170 DMS(BGS), 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012) (granting stay where *Markman* briefs were soon due and parties had exchanged proposed claim constructions and extrinsic evidence).

####  b.  Simplification of Issues

"[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [US]PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (1995).  This is particularly true where, as here, a party has requested reexamination of each of the patents-in-suit, and SEL asserts claims only for patent infringement against Defendants. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending *inter partes* reexamination in part because defendant's request for reexamination included all claims at issue in the

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 12-21-JST (JPRx) | Date:  December 19, 2012 |
| Title:  Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp., et al. | |

litigation); *Cf. ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351-52 (D. Mass. 2011) (denying a stay pending *inter partes* reexamination, in part because defendants also asserted several federal and state counterclaims, including allegations of false advertising and defamation).  And while Defendants' counterclaims raising invalidity of the patents under 35 U.S.C. § 112 may not be adjudicated in IPR, (Opp'n at 16), the IPR "[is] guaranteed to finally resolve at least some issues of validity because the requesting party is barred from seeking district court review on any grounds it could have raised in the reexamination." *Avago Techs. Fiber IP(Sing.) Pte. Ltd. v. IPtronics, Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011).  Here, SEL notes that only CMI is a party to the IPR petitions. (Opp'n at 9.)  The estoppel effect of *inter partes* review carries less weight when there are several defendants that are not parties to, and thus are not bound by, the estoppel effects of the proceeding.  *See Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 763 (S.D. Tex. 2010).  But Defendants who did not file the IPR petitions have agreed to be bound by the estoppel provisions of the IPR proceedings. (See Reply at 2 & n.4; Westinghouse Notice of Joinder, Doc. 107.)  Thus, the Court gives the estoppel effect of the proceedings full weight.

As this Court has previously noted, the amended standards for granting *inter partes* review probably results in an even higher likelihood than under the prior standard that the issues in this action will be simplified by the reexamination.  *See Inogen, Inc. v. Inova Labs, Inc.*, No. SACV 11-1692-JST (ANx), 2012 WL 4748803, at *3 (C.D. Cal. Mar. 20, 2012).  On the other hand, if the USPTO rejects the *inter partes* requests, the stay will be relatively short.  Therefore, this factor weighs in favor of a stay.

### c. Undue Prejudice or Clear Tactical Disadvantage

SEL argues that it is prejudiced because of: (1) CMI's delay in waiting ten months after the Complaint was filed to file its first IPR petition; (2) reputational and financial damage; and (3) lingering allegations of inequitable conduct.  (Opp'n at 17-24.)

First, SEL claims that any delay is prejudicial.  Not only will the IPR process itself cause delay, (Opp'n at 18), but CMI's delay in waiting ten months after the Complaint to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-21-JST (JPRx)                         Date:  December 19, 2012
Title: Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp., et al.

file its first IPR with the USPTO was tactical.  (*Id*. at 22.)  Courts have held that "the mere fact and length of any delay … does not demonstrate prejudice sufficient to deny [a] request for a stay."  *Tierravision*, 2012 WL 559993, at *3.  Moving Defendants claim CMI's delay in filing with the USPTO was necessary "to understand which claims SEL was asserting," since filings based on the Complaint would have left over 90 claims unresolved, while filing petitions for every claim in each patent would have involved 288 claims.  (Reply at 6.)  Plaintiff did not file its infringement contentions until July 30, 2012.  (Cordrey Decl. ¶ 7, Doc. 109-1.)  These contentions identified 100 claims from the six contested patents and provided claim charts and exhibits totaling more than 35,000 pages.  (*Id.*)  In light of these facts, the Court cannot say CMI's delay in filing its IPR petitions until October and November—a mere three to four months from receiving the claim contentions and voluminous documents from Plaintiff—was unreasonable.  While some delay in filing the IPR petitions may have been avoidable, the Court finds the need to assess the disputed claims a valid reason for not filing a petition shortly after the Complaint was filed.  *See Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051 EJD, 2012 WL 1232187, at *3 (N.D. Cal. Apr. 12, 2012) (finding no evidence of a dilatory motive when defendant requested a second reexamination almost two years after litigation commenced); *Pragmatus*, 2011 WL 4802958, at *4 (granting stay despite nine month wait).

       Next, SEL argues that its injuries go beyond recoverable damages and so a stay would be unduly prejudicial.  (Opp'n at 19.)  SEL claims injuries to "its research and licensing reputation and revenue," (*id.*); however, it does not specifically identify how *its* revenue will be injured if the Court grants Moving Defendants' stay.  While SEL claims that Sharp and Sony—both of which fund SEL research and license LCD technology from SEL—will be at a competitive disadvantage, (*id.* at 21), the Court need only weigh the prejudice to the non-moving party—SEL itself.  *See Telemac*, 450 F. Supp. 2d at 1111.  SEL also fears that Moving Defendants undertook a "prejudicial ploy" by claiming that SEL has been found to have engaged in inequitable conduct, apparently including this claim in their counterclaims so that SEL would be unable to defend itself if the stay were granted.  (Opp'n at 23; *See* Countercls.)  SEL misapplies the cases cited for this supposed harm to reputation.  First, nowhere in *Inogen* does this Court suggest, even

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-21-JST (JPRx) | Date:  December 19, 2012
Title:  Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp., et al.

implicitly, that the stay was issued only because the defendant struck allegations of fraud from its complaint.  *See Inogen*, 2012 WL 4748803, at *4.  Second, the court in *Protective Indus., Inc. v. Ratermann Mfg., Inc.*, No. 3:10-1033, 2010 WL 5391525, at *3 (M.D. Tenn. Dec. 22, 2010), was concerned with the many-year delay under the old reexamination system and the possible loss of crucial evidence of fraud.  Here, as discussed above, the other factors weigh heavily in favor of granting a stay, and the delay caused by the new IPR procedure is significantly less than the delay caused by the old procedure.

In light of the above, and because SEL does not dispute that it has not sought a preliminary injunction and that SEL and CMI are not direct competitors, the Court finds this factor weighs in favor of a stay.  Accordingly, Moving Defendants' Motion to Stay pending IPR is GRANTED.

### V. CONCLUSION

For the foregoing reasons, and in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO IPR proceedings, the Court **GRANTS** Moving Defendants' Motion to Stay.  This action is **STAYED** pending final exhaustion of all pending IPR proceedings, including any appeals.  The parties shall file a joint status report within ten (10) days after the conclusion of the reviews informing the Court of the USPTO's decisions and, if applicable, requesting the Court to lift the stay.

Initials of Preparer:  enm